

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

(1) DUSTIN B. MULLINGS,                )
                 **PLAINTIFF,**      )
                                    )

APR 2 2 2015

V.                                     )     **Case No.**

Phil Lombardi, Clerk
U.S. DISTRICT COURT

(2) A. G. EQUIPMENT CO,                )
                 **DEFENDANT.**     )

**1 5 CV - 2 0 8 JED - TLW**

**JURY TRIAL DEMANDED.**
**ATTORNEY LIEN CLAIMED.**

## COMPLAINT

COMES NOW the Plaintiff, Dustin B. Mullings, ("Mullings"), by and through his attorney of record, Tim Gilpin of Gilpin Law Office, and for his Complaint against the Defendant, A.G. Equipment Co., ("A.G."), states as follows:

## PARTIES and JURISDICTION

1.    Defendant, A.G. is a domestic for profit corporation doing business in the Northern District of Oklahoma;

2.    Plaintiff, Mullings, is a resident of Tulsa County, state of Oklahoma;

3.    This Court possesses jurisdiction over this action and parties. 28 U.S.C. §1331;

## VENUE

4. All actions about which Plaintiff complains occurred in Tulsa County, State of Oklahoma;

## DAMAGES

5. This action seeks declaratory and equitable relief, economic, actual and compensatory damages in excess of $75,000.00 against A.G. as well as liquidated damages and punitive damages for the willful or reckless disregard of the Mullings'

1

Fees Pd
Issummons

federal and state rights to fair employment and tort claims. Mullings also seeks his costs and attorney's fees;

## FACTS

6. Mullings began working for A.G.  on or about February 14, 2013;

7. On or about May 2013, Mullings was employed by A.G. and reported to his work supervisor, Bill Knapp, that he had suffered an umbilical hernia and would need surgery to repair it;

8. Mullings informed his work supervisor that he was scheduled for surgery to repair the umbilical hernia in July, 2013. A.G.'s supervisor instructed Mullings to postpone the surgery until after the busy work months of Summer. Mullings complied with A.G.'s instruction and postponed his surgery until September 3, 2013;

9. On or about August 30, 2013, Mullings reconfirmed the surgery date of September 3rd with this work surpervisor and was sent to A.G. Human Resources office;

10.   At the A.G. Human Resources office Mullings met with the Human Resources Director, Laura Lawrence. Mullings was told that there was a problem with him taking time off for the surgery. Mullings then offered to again postpone his umbilical surgery. The Human Resources Director informed Mullings that A.G. now knew about his umbilical hernia and that he was a liability to the company. Muillings was fired on August 30, 2013;

## COUNT I
## The Americans With Disabilities Act of 1990, as amended in 2008

For this, his first Count, Mullings incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

2

11. The Americans With Disabilities Act, 42 U.S.C. §12112(a), as amended in 2008, (ADA), prohibits discrimination and discharge of an employee on the basis of his disability, and/or being regarded as disabled, and/or having a record of disability. A.G. 's actions constitute violations of the Americans with Disabilities Act of 1990, as amended in 2008;

12. Mullings received his "Right to Sue" from the U.S. Equal Employment Opportunity Commission, dated January 27, 2015, concerning the pursuit of his rights under Title VII (Exhibit "A");

13. Mullings is a disabled person within the meaning of the ADA, as amended, in that he reported awareness of a serious medical condition which required medical attention and treatment rendering him, for a period of time, disabled and//or requiring Medical Leave from work, while healing and recovering;

14. Mullings suffered from a disorder(s) related to the abdominal body, muscle, connecting tissues and nerve damage. These are significant impairments to the muscle and supporting structures and had the continuing result of disabling, chronic pain. In its untreated condition, such pain significantly impaired the ability of Mullings, in comparison to unimpaired individuals, to stand, walk, lift, sleep or engage in ordinary personal activities, since, at least, May 2013;

15. That A.G. denied Mullings the reasonable accommodation of time off work while healing and recovering from the serious medical condition and/or light or restricted work duty while still recovering and healing and/or an interactive process to determine what essential job duties he could perform with or without reasonable

3

accommodation(s), as required under the ADA. A.G. fired Mullings because of his disability, and/or being regarded as disabled, and/or having a record of disability;

16. Mullings's termination was directly caused by his disability and A.G. 's refusal of the reasonable accommodation of allowing him to be off work temporarily and/or to accommodate temporary light or restricted duty and/or to engage in an interactive process to determine if he could perform his essential work duties with or without a reasonable accommodation(s). A.G. fired Mullings while he was in the process of treatment for the serious medical condition and before a determination could, or should, appropriately be made as to any permanent disability or need for accommodation;

17. As a direct result of Mullings's termination, he suffered lost income and employment benefits past, present and future and emotional distress in the form of worry, anxiety, embarrassment and similar emotions for which he is entitled to compensation. Further, A.G.'s actions were willful or, at the least, in reckless disregard of Mullings's rights under the ADA. As such, Mullings is entitled to an award of punitive damages;

WHEREFORE, the Plaintiff, Dustin B. Mullings, prays for judgment against Defendant, A.G. Equipment Co., on Count I in a sum in excess of $75,000.00 representing his actual damages, back and front pay, punitive damages, plus reinstatement, attorney's fees, costs and such additional relief as the Court deems proper under Title VII of the Civil Rights Act, as amended.

## COUNT II
## INTENTIONAL INFLICTION of EMOTIONAL DISTRESS

For this, his second Count, Mullings incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

18.   The conduct of A.G. 's supervisors and managers towards Mullings was extreme and outrageous in its character. The conduct was done recklessly and intentionally while A.G. and its supervisors and managers were in a position of power and authority over Mullings. Such conduct has caused Mullings severe emotional distress, related physical problems, including loss of weight, sleep loss, etc.,. Mullings has suffered and continues to suffer pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, and injury to his reputation and occupation as a result of A.G.'s and its supervisors and managers' actions. A.G. is responsible for the conduct of its supervisors' and managers under the doctrine of respondeat superior and under agency principles. A.G. is also independently liable since it failed to take reasonable steps to protect Mullings from the acts complained of herein;

WHEREFORE, the Plaintiff, Dustin B. Mullings, prays for judgment against Defendant, A.G. Equipment Co., on Count II, in a sum in excess of $75,000.00 representing his actual damages, punitive damages, plus attorney's fees, costs and such additional relief as the Court deems proper.

## COUNT III
## Personal Rights & Malicious Wrong - 76 O.S. §6

For this, his third Count, Mullings incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

19. The conduct of A.G.'s supervisors and managers towards Mullings was intentional and calculated in the ordinary course of events to damage Mullings and was done without just cause or excuse. The intentional actions and inactions of A.G. and its supervisors and managers toward Mullings infringed upon his personal rights to Mullings' damage, was wrongful and constituted Malicious Conduct. Pursuant to 76 O.S. §6, Mullings has the right of protection from harm, personal insult, defamation and injury to his personal relations;

20. The misconduct of A.G. and its supervisors and managers caused injury to Mullings's personal relations, defamed Mullings and his reputation and constituted personal insult to Mullings. The conduct was done purposefully while A.G. and its supervisors and managers were in a position of power and authority over Mullings. Such conduct has caused Mullings severe emotional distress, manifesting in physical problems including loss of weight, sleep loss, etc.,. Mullings has suffered and continues to suffer pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, and injury to his reputation and occupation as a result of A.G.'s and its supervisors and managers' actions. A.G. is responsible for the conduct of its supervisors and managers under the doctrine of respondeat superior and under agency principles. A.G. is also independently liable since it failed to take reasonable steps to protect Mullings from the acts complained of herein;

WHEREFORE, the Plaintiff, Dustin B. Mullings, prays for judgment against Defendant, A.G. Equipment Co., on Count III in a sum in excess of $75,000.00 representing his actual damages, punitive damages, plus attorney's fees, costs and such additional relief as the Court deems proper.

6

## COUNT IV
## <u>Negligent Hiring, Supervision & Retention</u>

For this, his fourth Count, Mullings incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

21.   Mullings was discriminated against, intimidated and discharged in his employment with A.G. as alleged above. The conduct of A.G.'s supervisors and managers towards Mullings was extreme and outrageous in its character. Further, A.G. was aware of, or certainly should have been aware of, the offensive actions and inactions of its supervisors and managers towards Mullings. As Mullings's employer, with authority over Mullings, his supervisors and managers, A.G.  had the authority and duty to hire competent supervisors and managers properly trained in ADA and to supervise its supervisors and mangers; further, to terminate its supervisors and managers that violated the terms and provisions of the ADA and the law applicable to the allegations contained in this Complaint. A.G. violated its duty in this regard to Mullings and he was directly damaged as a result;

22.   Mullings has suffered and continues to suffer from pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, emotional distress, injury to his reputation, etc., as a result of the actions and inactions of A.G. complained of above. Particularly, Mullings has suffered loss of past and prospective earnings, vacation pay, sick pay, and a host of other benefits and privileges, in addition to lost wages;

WHEREFORE, the Plaintiff, Dustin B. Mullings, prays for judgment against Defendant, A.G. Equipment Co., on Count IV in a sum in excess of $75,000.00 representing his actual damages, punitive damages, plus attorney's fees, costs and such additional relief as the Court deems proper.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Dustin B. Mullings

### VERIFICATION

STATE OF OKLAHOMA )
                    } ss.
COUNTY OF TULSA    )

　　　Dustin B. Mullings, of lawful age, being first duly sworn upon his oath, deposes and states that he is the Plaintiff in the above Complaint, that he has read and understands the contents contained in the foregoing Complaint and further states that the same are true and correct to the best of his knowledge.

_____            4-12-15
Dustin B. Mullings                              Date

SUBSCRIBED AND SWORN to before me this 12th day of
April , 2015.

_____
NOTARY PUBLIC

My Commission Expires: 4-9-2017

TERESA D. WOOD
Notary Public
State of Oklahoma
Commission # 01019571
My Commission Expires Dec 9, 2017

8

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Dustin B. Mullings
4937 S. 72nd E. Ave.
Tulsa, OK 74145

From:  Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2014-01092 | Kathy A. Nusz,
Investigator | (405) 231-5827 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Holly Waldron Cole,
Area Office Director

January 27, 2015
*(Date Mailed)*

Enclosures(s)

cc:  Laura Lawrence
H R Director
A. G. EQUIPMENT COMPANY
3401 W Albany St
Broken Arrow, OK 74012

Timothy S. Gilpin
Gilpin Law Office
The Riverpark Bldg
1874 South Boulder
Tulsa, OK 74119

# EXHIBIT "A"